ANTONIO DARNELL MAYS,

                Plaintiff,

v.                                     Case No. 18-cv-1911-pp

LT. JANE DOE #1, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT (DKT. NO. 1)**

      The plaintiff, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights by subjecting him to second-hand pepper spray and refusing to help him when the spray made him choke. This order resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    The plaintiff's motion to proceed without prepaying the filing fee (Dkt. No. 2)**

      The Prison Litigation Reform Act ("PLRA") applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The law lets a court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may

allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On February 27, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $16.50. Dkt. No. 10. The plaintiff court received that fee on March 11, 2019. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee and will allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the plaintiff's complaint**

The PLRA requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain enough facts, accepted as true, to state a claim "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that someone deprived of a right secured by the Constitution or laws of the United States and whoever deprived him of that right was acting under color of state

law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A. Facts Alleged in the Complaint

The plaintiff was an inmate at the Milwaukee Secure Detention Facility. Dkt. No. 1 at 2. The defendants (John and Jane Does #1-11) are correctional officers at MSDF. Id.

On November 25, 2018, Lieutenant Jane Doe #1, Lieutenant John Doe #2, and CO John Does #3-11 went to the plaintiff's unit because two inmates had locked themselves inside a small gym in the unit. Id. The officers dispensed an entire bottle of pepper spray within the unit to get the two inmates to come out. Id. 2-3. The pepper spray caused the plaintiff (who was locked in his cell three doors away from the small gym) to start coughing and choking. Id. The plaintiff vomited in his toilet twice, could not breathe and had a headache. Id.

The plaintiff kept hitting his cell door to let the officers know that he could not breathe. Id. at 3. The officers did not "'cut on any fans or open up an[y] doors,' to let the strong smell of pepper spray out of the unit from (7:30 p.m. to 9:00 p.m.)." Id. The officers continued to pepper spray into the unit until the two inmates came out of the gym. Id. The plaintiff notes that the

3

officers brought gas masks for themselves but were unconcerned about the inmates who were in that unit who also had to breathe the air. Id. The plaintiff seeks monetary damages. Id. at 4.

B.  Legal Analysis of Alleged Facts

The plaintiff states that Jane and John Does #1-11 violated Wis. Stat. §940.29. Dkt. No. 1 at 4. Wisconsin Statute §940.29 provides "any person in charge of or employed in a penal or correctional institution or other place of confinement who abuses, neglects or ill-treats any person confined in or a resident of any such institution or place or who knowingly permits another person to do so is guilty of a Class I felony." Wis. Stat. §940.29 is a Wisconsin criminal statute. "Individuals may not file criminal charges in federal courts." See LaMarch v. Schultz, No. 13-CV-32, 2013 WL 3490908, at *2 (E.D. Wis. July 10, 2013). The plaintiff cannot bring a claim for a violation of a criminal law.

The plaintiff also alleges, however, that the defendants violated his Fourteenth Amendment rights. The Eighth Amendment prohibits "cruel and unusual punishment." U.S. Const. Amend. VIII. "Jail officials violate the Eighth Amendment if they are deliberately indifferent to adverse conditions that deny 'the minimal civilized measure of life's necessities' . . . ." Budd v. Motley, 711 F.3d 840, 842 (7th Cir .2013) (internal citations omitted). Prison officials violate the Eighth Amendment, however, when "(1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) where officials are

4

deliberately indifferent to this state of affairs." Estate of Simpson v. Gorbett, 863 F.3d 740, 745 (7th Cir. 2017). "A prisoner's exposure to tear gas and similar chemical agents can be sufficiently serious to raise Eighth Amendment concerns." Broadus v. Hyatte, 67 F.3d 301 (7th Cir. 1995). While a pretrial detainee's conditions-of-confinement claim arises under the Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment's prohibition against cruel and unusual punishment, there is "little practical difference between the two standards." Velez v. Johnson, 395 F.3d 732, 735 (7th Cir. 2005) (quoting Weiss v. Cooley, 230 F.3d 1027, 1032 (7th Cir. 2000)).

The plaintiff states that between 7:30 and 9:00 p.m., Jane and John Does #1-11 continuously sprayed a gas substance into the plaintiff's unit. The plaintiff states that the gas substance was potent enough that the officers needed gas masks for themselves. The plaintiff asked the officers to open the doors to his cell or to turn on the fan to help him breathe but these requests were ignored. The gas caused difficulty breathing, headaches and trips to the toilet to vomit. Based on these allegations, the plaintiff may proceed with a claim that Jane and John Does #1-11 showed deliberate indifference towards a substantial risk of serious harm to the plaintiff's health or safety. See Henley v. Gaydos, No. 2:17-CV-307-RL-APR, 2018 WL 1859121, at *2 (N.D. Ind. Apr. 17, 2018) (concluding that the plaintiff stated an Eighth Amendment claim when he alleged that he was continuously exposed to "raw sewage gas" that caused headaches, stomach problems, and lung problems).

5

Because the plaintiff does not know the real names of Jane and John Does #1-11, the court will name Steven R. Johnson, the Warden of Milwaukee Secure Detention Facility, as a defendant for the limited purpose of helping the plaintiff identify the defendants' real names. See Donald v. Cook Cty. Sheriff's Dept., 95 F.3d 548, 556 (7th Cir. 1996).

Warden Johnson will be served with the complaint and a copy of this order. He does not have to respond to the allegations in the complaint. After Warden Johnson's attorney files an appearance, the plaintiff may serve discovery upon Warden Johnson (by mailing it to his attorney at the address in the notice of appearance) to get information that will help him identify the defendants' names. The plaintiff may serve interrogatories under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34.

Because the plaintiff has not stated a claim against Warden Johnson, the plaintiff must limit his discovery requests to information or documents that will help the plaintiff learn the defendants' names. The plaintiff may not ask Warden Johnson about any other topic, and Warden Johnson is under no obligation to respond to requests about any other topic.

After the plaintiff identifies the defendants' names, he must file a motion asking the court to substitute their names for the Doe placeholders. The court will dismiss Warden Johnson as a defendant once the plaintiff identifies the defendants' names. After the defendants are served with the complaint and have an opportunity to respond, the court will set a deadline for discovery. At

that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must identify the defendants' names within forty-five days of the date Warden Johnson's attorney files an appearance in this case. If he does not do so, or does not explain to the court why he is unable to identify the defendants, the court may dismiss the case based on his failure to diligently pursue it. Civ. L. R. 41(c).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$333.50** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that Warden Steven R. Johnson of the Milwaukee Secure Detention Facility is named as a defendant for the limited purpose of helping the plaintiff identify Jane and John Does #1-11. The Clerk of Court will update the docket accordingly.

The court **ORDERS** that under the informal service agreement between the Wisconsin Department of Justice and this court, copies of the complaint and this order shall be electronically sent today to the Wisconsin Department of Justice for service on Warden Johnson.

The court **ORDERS** that Warden Johnson does not have to respond to the complaint; however, he shall respond to discovery requests that the plaintiff serves to identify the defendants' names. Warden Johnson does not have to respond to discovery requests about any other topic.

The court **ORDERS** that the plaintiff must identify the defendants' names within forty-five days of the date Warden Johnson's attorney files an appearance in this case. If the plaintiff does not identify the defendants' names by the deadline or advise the court why he is unable to do so, the court may dismiss this case based on his failure to diligently prosecute it.

The court will enter a separate order **REFERRING** this case to Magistrate Judge William E. Duffin for pretrial proceedings.

Dated in Milwaukee, Wisconsin this 21stday of July, 2020.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**