# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTONIO MAYS,

                           **Plaintiff,**

               v.                                          **Case No. 18-CV-1911**

**JOHN DOES #1-11,**

                           **Defendants.**

## ORDER

    *Pro se* plaintiff Antonio Mays has filed eight lawsuits in the Eastern District of Wisconsin. In each of those lawsuits he filed a motion for leave to proceed without prepayment of the filing fee under 28 U.S.C. §1915(a)(2), which allowed him to proceed with his lawsuits in federal court without paying the filing fees in advance. Under that statute, the court assessed an initial partial filing fee of twenty percent of the greater of the average monthly deposits to Mays's prison account, or the average monthly balance in Mays's prison account for the six-month period immediately preceding the filing of the case. 28 U.S.C. §1915(b)(1). After Mays paid the initial partial filing fee, the statute required him to make monthly payments of twenty percent of the preceding month's income until he paid the filing fees in full. 28 U.S.C. §1915(b)(2).

    Mays now finds himself paying numerous filing fees at the same time. (*See* ECF No. 20-1.) He asks the court for an order instructing the institution at which he

is confined to only take 20% of the money in his account each month, rather than 20% every two weeks. (ECF No. 20.) Mays contends that each month the institution is taking 40%, not 20%, from his trust account. (*Id.*) He says that, after paying for his lawsuits, he does not have any money left over to buy items that he needs at the commissary. (*Id.*)

In support of his motion Mays only submitted one page of his trust account statement, which only includes deductions from one day, September 25, 2020. (ECF No. 20-1.) Thus, the court does not have all of the information it needs to determine whether the institution is routinely taking payments every two weeks rather than once a month. The deductions from September 25, 2020, do *appear* to show duplicate deductions for the same case.

The court notes that one reason the institution may be taking more than 20% of Mays's money each month is because §1915(b)(2) requires simultaneous (not sequential) recoupment of multiple filing fees. *See Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016). The United State Supreme Court specifically reviewed the issue of how to collect filing fees under §1915(b)(2) and concluded that simultaneous collection is consistent with the intent of the Prisoner Litigation Reform Act to "contain prisoner litigation." *Id.* at 633. The court considered whether a different rule should apply given that a plaintiff's payments would ultimately become "sequential" once he files more than five lawsuits. *Id.* at 632. The court rejected that proposition and upheld the simultaneous collection rule, noting that concerns about "administrability" had been "unproblematic" thus far. *Id.* at 633. This means that the institution could take

2
Case 2:18-cv-01911-BHL-WED   Filed 09/30/20   Page 2 of 3   Document 21


is confined to only take 20% of the money in his account each month, rather than 20% every two weeks. (ECF No. 20.) Mays contends that each month the institution is taking 40%, not 20%, from his trust account. (*Id.*) He says that, after paying for his lawsuits, he does not have any money left over to buy items that he needs at the commissary. (*Id.*)

In support of his motion Mays only submitted one page of his trust account statement, which only includes deductions from one day, September 25, 2020. (ECF No. 20-1.) Thus, the court does not have all of the information it needs to determine whether the institution is routinely taking payments every two weeks rather than once a month. The deductions from September 25, 2020, do *appear* to show duplicate deductions for the same case.

The court notes that one reason the institution may be taking more than 20% of Mays's money each month is because §1915(b)(2) requires simultaneous (not sequential) recoupment of multiple filing fees. *See Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016). The United State Supreme Court specifically reviewed the issue of how to collect filing fees under §1915(b)(2) and concluded that simultaneous collection is consistent with the intent of the Prisoner Litigation Reform Act to "contain prisoner litigation." *Id.* at 633. The court considered whether a different rule should apply given that a plaintiff's payments would ultimately become "sequential" once he files more than five lawsuits. *Id.* at 632. The court rejected that proposition and upheld the simultaneous collection rule, noting that concerns about "administrability" had been "unproblematic" thus far. *Id.* at 633. This means that the institution could take

2
Case 2:18-cv-01911-BHL-WED   Filed 09/30/20   Page 2 of 3   Document 21

is confined to only take 20% of the money in his account each month, rather than 20% every two weeks. (ECF No. 20.) Mays contends that each month the institution is taking 40%, not 20%, from his trust account. (*Id.*) He says that, after paying for his lawsuits, he does not have any money left over to buy items that he needs at the commissary. (*Id.*)

In support of his motion Mays only submitted one page of his trust account statement, which only includes deductions from one day, September 25, 2020. (ECF No. 20-1.) Thus, the court does not have all of the information it needs to determine whether the institution is routinely taking payments every two weeks rather than once a month. The deductions from September 25, 2020, do *appear* to show duplicate deductions for the same case.

The court notes that one reason the institution may be taking more than 20% of Mays's money each month is because §1915(b)(2) requires simultaneous (not sequential) recoupment of multiple filing fees. *See Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016). The United State Supreme Court specifically reviewed the issue of how to collect filing fees under §1915(b)(2) and concluded that simultaneous collection is consistent with the intent of the Prisoner Litigation Reform Act to "contain prisoner litigation." *Id.* at 633. The court considered whether a different rule should apply given that a plaintiff's payments would ultimately become "sequential" once he files more than five lawsuits. *Id.* at 632. The court rejected that proposition and upheld the simultaneous collection rule, noting that concerns about "administrability" had been "unproblematic" thus far. *Id.* at 633. This means that the institution could take

up to 100% of Mays's income each month because he has at least five filing fees he is currently paying.

If Mays believes the institution is improperly deducting his filing fees from his trust account, he must first file an inmate complaint at the institution (through the Inmate Complaint Review System) and ask for an explanation of why payments are seemingly being taken out of his trust account statement every two weeks. If the institution simply made a clerical error on that particular day, the institution can resolve the problem without court intervention. If Mays believes that the institution is still improperly withdrawing the filings fees from his trust account, he can refile his motion. In the meantime, the court will deny without prejudice Mays's motion.

**IT IS THEREFORE ORDERED** that Mays's motion (ECF No. 20) is **DENIED without prejudice.**

Dated at Milwaukee, Wisconsin this 30th day of September, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge