# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTONIO DARNELL MAYS,

           **Plaintiff,**

v.                                              Case No. 18-CV-1911

WHYKETHA PETTIS, *et al.*,

           **Defendants.**

### ORDER

      On March 4, 2021, the defendants filed a motion for summary judgment on the grounds that *pro se* plaintiff Antonio Darnell Mays failed to exhaust his administrative remedies before filing his lawsuit. (ECF No. 44.) On August 31, 2021, the court found that an evidentiary hearing was necessary to resolve factual disputes regarding whether Mays appealed the dismissal of inmate complaint MSDF-2018-16162. (ECF No. 58.) That hearing was held by Zoom on October 6, 2021.

      After the hearing, in an order issued on October 14, 2021, the court noted that, after reviewing the record, it appeared Mays filed his civil complaint before filing his inmate complaint—a fact not addressed by the defendants in their summary judgment motion. (ECF No. 61.) Instead, their motion focused on whether Mays failed to appeal the dismissal of his inmate complaint with the Corrections Complaint Examiner. As such, pursuant to Fed. R. Civ. P. 56(f)(2), the court allowed supplemental briefing on

the question of whether Mays filed his lawsuit before filing his inmate complaint. That issue has now been fully briefed.

1. **Legal Standard**

According to the Prison Litigation Reform Act (PLRA), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If a court determines that a prisoner failed to complete any step in the exhaustion process prior to filing a lawsuit, it must dismiss the prisoner's lawsuit. *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999).

That said, a prisoner is required to exhaust only those administrative remedies that are "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies are "unavailable" where "(1) prison officials are 'consistently unwilling to provide any relief to aggrieved inmates'; (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use;' or (3) prison administrators take affirmative action to thwart use of the grievance process," but these are "only examples, not a closed list." *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018) (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016)).

## 2. Analysis

Mays filed the relevant inmate complaint—MSDF-2018-26162—on December 10, 2018. (ECF No. 46, ¶¶ 10-11.) The inmate complaint system received that complaint on December 14, 2018. (*Id.*, ¶ 11.) Mays filed this lawsuit on December 4, 2018. (ECF No. 1.)

Mays does not dispute this timeline. Instead, he argues that he was not a prisoner at the time he filed his lawsuit, so the PRLA does not apply. (ECF No. 65 at 1.) Specifically, he states the PRLA does not apply because he was not sentenced to state prison until December 20, 2018, and because he was being illegally held at the Milwaukee Secure Detention Facility from October 8, 2018 through February 13, 2019. (*Id.* at 4-5.) He argues that, during this period, he was a pretrial detainee, and the PRLA does not apply to pretrial detainees. (*Id.* at 5.)

In their reply, the defendants included the case record for Mays's criminal case in Milwaukee County, Case No. 2018-CF-1428, which is the reason Mays was detained in the autumn of 2018. (ECF No. 66-1.) The case record shows that Mays was in custody at the Milwaukee County Jail in September 2018 awaiting trial on four felony counts. (*Id.* at 18.) Mays was convicted on October 19, 2018. (*Id.* at 13-14.) He was then held in custody pending sentencing at MSDF until he was sentenced on December 20, 2018. (*Id.* at 10.)

Thus, Mays was convicted when he filed his lawsuit on December 4, 2018. The PLRA applies to "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or

3

the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). Thus, the PLRA does apply to this case.

"[T]he PLRA makes it clear that prisoners may not file their federal lawsuit before completing the exhaustion process, so lawsuits must be dismissed even if the prisoner exhausts his administrative remedies while the lawsuit is pending." *Bruno v. Mahoney*, 18-cv-118-wmc, 2019 WL 6728249 at *2 (W.D. Wis. Dec. 11, 2019). Accordingly, summary judgment is granted in favor of the defendants and the case is dismissed. When a plaintiff brings a claim before exhausting his administrative remedies, the claim is premature. As such, Mays' claims are dismissed without prejudice. *Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020) ("A premature lawsuit must be dismissed without prejudice, and the prisoner must file a new suit after fully exhausting his administrative remedies."). If Mays is able to properly exhaust his administrative remedies, he may refile a new lawsuit with those claims, subject to the applicable statute of limitations.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment on exhaustion grounds (ECF No. 44) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely

4

requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case

Dated at Milwaukee, Wisconsin this 10th day of December, 2021.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

5

Case 2:18-cv-01911-WED   Filed 12/10/21   Page 5 of 5   Document 67